United States District Court
Southern District of Texas
**ENTERED**
May 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON BARNES, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. H-23-483 |
| § | |
| TOM PEACOCK NISSAN- § | |
| CADILLAC, INC., *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court are Defendant Tom Peacock Nissan/Cadillac, Inc.'s Second Motion to Dismiss (Document No. 32), Defendant Truist Bank's Motion to Dismiss (Document No. 33), Defendant Nissan Motor Acceptance Company LLC f/k/a Nissan Motor Acceptance Corporation, Wilmington Trust National Association, and US Bank National Association's Motion to Dismiss Plaintiffs' Amended Complaint (Document No. 34), and Plaintiffs' Request for Leave to File an Amended Complaint (Document No. 43). Having considered the motions, submissions, and appliable law, the Court determines the defendants' motions should be granted and plaintiffs' motion should be denied.

## I. BACKGROUND

This dispute arises out of consumer protection law. In December 2021, Plaintiff Brandon Barnes ("Barnes") purchased a vehicle from Defendant Tom

Peacock Nissan/Cadillac, Inc. ("Tom Peacock"). Barnes alleges this transaction was finalized in February of 2022. Barnes's car loan is serviced by Defendant Truist Financial Corporation[1] ("Truist Bank"). In September of 2022, Barnes alleges he contacted Truist Bank regarding alleged errors about his loan, which Barnes alleges have not been resolved.

Based on the foregoing, on February 7, 2023,[2] Barnes and Plaintiff Senrab Services LLC[3] (collectively, "Plaintiffs") brought this action, *pro se*, asserting: (1) securities fraud violations against Tom Peacock; (2) violations of the Fair Credit Reporting Act (the "FCRA") against Tom Peacock and Truist Bank; (3) violations of the Truth in Lending Act (the "TILA") against Tom Peacock; and (4) violations

---

[1] Truist Financial Corporation is a holding company that does not provide banking services, and thus is not a proper party to this action. The proper party is Truist Bank.

[2] Plaintiffs initially filed this action on January 4, 2023 as a miscellaneous case. *See* 4:23-mc-00004. The court later dismissed that action without prejudice for failure to state a claim.

[3] Tom Peacock also moves to dismiss any claims made on behalf of Plaintiff Senrab Services LLC as it is not represented by a licensed attorney but rather Plaintiff Brandon Barnes, and thus is improperly *pro se*. *See Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 217 (5th Cir. 2014) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 & n.5 (1993) (holding an individual who is not a licensed attorney cannot appear in federal court on behalf of an entity). The Court finds any and all claims by Senrab Services LLC in the operative complaint fail as it not properly represented. Accordingly, the motions to dismiss any claims by Senrab Services LLC are granted as to those claims. Thus, the only remaining claims are those made by Barnes, individually.

2

of the Fair Debt Collections Practices Act (the "FDCPA") against Tom Peacock and Truist Bank. Plaintiffs also named as defendants Nissan Motor Acceptance Company LLC f/k/a Nissan Motor Acceptance Corporation, Wilmington Trust National Association, and US Bank National Association (collectively, the "Other Defendants"). On February 7, 2023, Plaintiffs amended their complaint. On March 9, 2023, Tom Peacock moved to dismiss the amended complaint. On March 14, 2023, the Other Defendants moved to dismiss the amended complaint. On March 15, 2023, Plaintiffs again amended their complaint. On March 20, 2023, Plaintiffs again amended their complaint and also moved for default against Truist Bank. On March 28, 2023, Truist Bank responded to the motion for default. On April 3, 2023, Tom Peacock, Truist Bank, and the Other Defendants moved to dismiss the operative complaint. On April 4, 2023, the Court denied the motion for default. On April 10, 2023, Plaintiffs amended their complaint without leave of court. On April 11, 2023, the Court struck that complaint for failure to follow the Court's scheduling order. On April 14, 2023, Plaintiffs moved for leave to amend their complaint.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces

does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Plaintiffs move for leave to amend, attempting to clarify the factual allegations against Defendants. Defendants contend Plaintiffs fail to show good cause for the amendment. Defendants also move to dismiss the claims against them. The Court first addresses Plaintiffs' motion for leave before turning to the pending motions to dismiss.

*A.     Plaintiffs' Request for Leave to Amend*

Federal Rule of Civil Procedure 16 governs amendments to pleadings after a scheduling order's deadline to amend has passed. *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16, four factors determine whether there is good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Further, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonable be met despite the diligence of the party needing the extension.' " *S & W Enters., LLC*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).

Plaintiffs move for leave to amend their complaint in an attempt to clarify the factual basis for their claims against Defendant. Defendants contend leave to amend should be denied because Plaintiffs failed to show good cause for the amendment. When reading the motion liberally—as the Court should given that Plaintiffs are *pro se*—the motion does technically contain an explanation of importance of the

5

amendment. As stated above, Plaintiffs contend the amendment is needed to clarify their claims. Plaintiffs also state the reason for their failure to timely move for leave is that they did not understand the "legal definition of 'leave,' "[4] and therefore did not know they had to move for leave before seeking to amend. However, Plaintiffs fail to address whether Defendants would be prejudiced by the proposed amendment or whether a continuance is available to cure any such prejudice. This proposed amendment would be the fourth amendment to Plaintiffs' complaint before this Court in less than four months. Defendants have already filed motions to dismiss the operative complaint, as they did with the prior complaints. Indeed, Plaintiffs have displayed a pattern of simply amending their complaint instead of responding to Defendants' motions to dismiss. Based on the foregoing, the Court finds Plaintiffs fail to show good cause for an amendment under Rule 16. Accordingly, Plaintiffs' motion for leave to amend the complaint is denied. The Court now turns to the Defendants' motions to dismiss, beginning with Tom Peacock's motion.

*B.     Tom Peacock's Motion to Dismiss*

Tom Peacock contends Barnes's claims fail because Barnes failed to: (1) allege the violation of statute that provides a private right of action; and (2) allege any facts that could support the alleged causes of action, if such cause of action

---

[4] *Request for Leave to File an Amended Complaint*, Document No. 43 at 1.

existed under the pleaded statutes. The Court first turns to Barnes's securities fraud claim before addressing the TILA, the FCRA, and the FDCPA claims in turn.

*1. Securities Fraud Claim*

With respect to the securities fraud claim, the operative complaint states Tom Peacock violated "12 [C.F.R.] § 360.6 (2) (*sic*)" by failing to "disclose that the consumer credit application would be a transferrable financial asset in addition to being 'self-liquidating paper' as described in 17 [C.F.R.] § 260.11b-6."[5] Putting aside the issue whether these code sections even apply in this instance, neither 12 C.F.R. § 360.6(a)(2) nor 17 C.F.R. § 260.11b-6 create a cause of action as they are definitional in nature. Additionally, Barnes did not respond to the motion. The failure to respond is taken as no opposition. S.D. Tex. Local R. 7.4. However, even if Barnes had responded, the complaint is still devoid of any reference to a statute creating a cause of action for securities fraud. Therefore, the Court finds the complaint fails to state a claim for securities fraud. Accordingly, the motion is granted as to Barnes's securities fraud claim. The Court now turns to the TILA claim against Tom Peacock.

---

[5] *Amended Complaint*, Document No. 23, ¶ 9.

*2. TILA Claim*

Tom Peacock contends Barnes's TILA claim fails because he fails to cite to any statutory authority providing a cause of action for the claim or any facts to support it.

While Barnes again cites a definition for a "purchase money loan" under the TILA in the operative complaint, he fails to allege which section of the TILA Tom Peacock allegedly violated. Barnes makes vague allegations the "transaction [was] misleading, missing and [had] incomplete disclosures about the determination of the finance charge, annual percentage rate, credit life-accident [and] health insurance, cash payments in a consumer finance transaction and security interest disclosures."[6] Barnes also alleges the "[l]ack of transparency with regards to the negotiable instruments being financial assets whether they be applications, contracts or any other instrument serving as collateral to fund the 'purchase money loan' . . . ."[7] He, again, cites only definitional sections, and not a section of the TILA that actually creates a cause of action. Barnes did not respond to the motion. The failure to respond is taken as no opposition. S.D. Tex. Local R. 7.4. But even if he had responded, the complaint still fails to state either a specific statutory violation or

---

[6] *Amended Complaint*, Document No. 23, ¶ 10.

[7] *Amended Complaint*, Document No. 23, ¶ 10.

8

even facts—other than vague allegations—sufficient to support a violation. Thus, the Court finds the complaint fails to state a claim under the TILA. Accordingly, the motion as to the TILA claim is granted. The Court now addresses the FCRA claim against Tom Peacock.

*3.     FCRA & FDCPA Claims*

Tom Peacock again contends Barnes fails to state a claim under the FCRA and the FDCPA as the complaint lacks both reference to a particular statutory violation or even facts supporting a violation.

The FCRA imposes a duty on furnishers of consumer credit information to ensure the information they report to consumer credit reporting agencies is accurate. 15 U.S.C. § 1681s-2(a). The FCRA does not provide a private right of action as to this section. However, the FCRA does create a private right of action under § 1681s-2(b), which states "once a 'furnisher of information' is notified of a dispute 'with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,' the person shall, inter alia, 'conduct an investigation with respect to the disputed information ... [and] report the results of any such investigation to the consumer reporting agency.' " *Thymes v. Gillman Cos.*, Civil Action No. H-17-2834, 2018 WL 3025045 (S.D. Tex. June 18, 2018) (Lake, J.) (quoting 15 U.S.C. § 1681s-2(b)(1); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)).

The FDCPA creates civil liability only for debt collectors who fail to comply with its requirements. 15 U.S.C. § 1692k. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). However, this definition expressly excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts of such creditor." *Id.* § 1692a(6)(A).

Barnes appears to allege Tom Peacock "initiated hard inquiries into the Plaintiffs' consumer report long after the initial documents were executed and engaged in unfair debt collection practices by posting transaction onto the consumer report and by attempting to collect a debt of which it refused to provide documentary evidence including GAAP accounting entries."[8] It is not readily apparent on the face of the complaint the exact FCRA and FDCPA violations. But it is clear Barnes fails to include any facts: (1) showing he satisfied the reporting requirement under the FCRA; and (2) showing Tom Peacock is a "debt collector" under the FDCPA. Further, Barnes did not respond to the motion. The failure to respond is taken as no opposition. S.D. Tex. Local R. 7.4. Based on a liberal reading of the complaint, the

---

[8] *Amended Complaint*, Document No. 23, ¶ 15.

Court finds the complaint fails to sufficiently state facts to support a cause of action under either the FCRA or the FDCPA. Accordingly, the motion to dismiss is granted as to the FCRA and the FDCPA claims against Tom Peacock. The Court now turns to Truist Bank's motion to dismiss.

*B.     Truist Bank's Motion to Dismiss*

Truist Bank contends: (1) Barnes fails to plead a FCRA claim as he does not plead the required elements of such a claim; and (2) Barnes fails to plead a FDCPA claim because Truist Bank is not a debt collector. The Court first addresses the FCRA claim against Truist Bank before turning to the FDCPA claim.

*1.     FCRA Claim*

The FCRA imposes a duty on furnishers of consumer credit information to ensure the information they report to consumer credit reporting agencies is accurate. 15 U.S.C. § 1681s-2(a). The FCRA does not provide a private right of action as to this section. However, the FCRA does create a private right of action under § 1681s-2(b), which states "once a 'furnisher of information' is notified of a dispute 'with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,' the person shall, inter alia, 'conduct an investigation with respect to the disputed information ... [and] report the results of any such investigation to the consumer reporting agency.' " Thymes v. Gillman Cos., Civil Action No. H-17-2834, 2018 WL 3025045 (S.D. Tex. June 18, 2018) (Lake, J.)

11

(quoting 15 U.S.C. § 1681s-2(b)(1); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)).

In the operative complaint, Barnes alleges Truist Bank violated the FCRA by "collecting gratuitous payments on a monthly basis [that did] not properly reflect the credits within the statement of account sent to [Barnes],"[9] and while an alleged investigation of these alleged errors was supposedly underway, "[Truist Bank] began reporting negative remarks reflecting experiences and transaction on [Barnes's] consumer report."[10] However, Barnes fails to point to section of the FCRA these alleged actions supposedly violate, or otherwise plead any elements of a violation of the FCRA. Barnes alleges an investigation of some kind took place, but he fails to allege he followed the proper reporting procedure to a consumer reporting agency. Additionally, Barnes did not respond to the motion. The failure to respond is taken as no opposition. S.D. Tex. Local R. 7.4. Based on a liberal reading of the complaint, the Court finds Barnes fails to adequately plead a claim under the FCRA. Accordingly, the motion is granted as to the FCRA claim. The Court to turns to the FDCPA claim against Truist Bank.

---

[9] *Amended Complaint*, Document No. 23, ¶ 11.

[10] *Amended Complaint*, Document No. 23, ¶ 11.

*2. FDCPA Claim*

The FDCPA creates civil liability only for debt collectors who fail to comply with its requirements. 15 U.S.C. § 1692k. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). However, this definition expressly excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts of such creditor." *Id.* § 1692a(6)(A).

Barnes alleged Truist violated the FDCPA by "not performing its' (*sic*) fiduciary responsibility to the principal by applying the principals' balance to the principals' account; but instead opted to attempt to collect an 'alleged debt' that actual reflected positive balances that is owned and held for the benefit of the principal."[11] However, even taken these facts as true, Barnes's FDCPA claim against Truist Bank fails because Truist Bank is not considered a "debt collector" rather than a "creditor" for the purposes of the FDCPA. *See* 15 U.S.C. § 1692a(6)(A). Additionally, Barnes did not respond to the motion. The failure to respond is taken as no opposition. S.D. Tex. Local R. 7.4. Thus, the Court finds Barnes fails to state

---

[11] *Amended Complaint*, Document No. 23, ¶ 11.

13

a claim under the FDCPA. Accordingly, the motion is granted as the FDCPA claim against Truist Bank.

### C.     *Other Defendants' Motion to Dismiss*

The Other Defendants contend Barnes fails to plead any facts which support a cause of action against them. Indeed, Barnes does not expressly refer to the Other Defendants within the portion of the operative complaint containing the statement of facts and claim, but rather only in the section of the complaint entitled "Relief."[12] The complaint is completely devoid of any allegations against the Other Defendants that the Court, even after a liberal reading of the complaint, cannot ascertain which causes of action Barnes intends to bring against the Other Defendants. Given this glaring deficiency, the Court finds Barnes fails to state a claim for any of the alleged causes of action against the Other Defendants. Accordingly, the motion to dismiss is granted.

---

[12] *Amended Complaint*, Document No. 23 at 6.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Tom Peacock Nissan/Cadillac, Inc.'s Second Motion to Dismiss (Document No. 32) is **GRANTED**. The Court further

**ORDERS** that Defendant Truist Bank's Motion to Dismiss (Document No. 33) is **GRANTED**. The Court further

**ORDERS** that Defendant Nissan Motor Acceptance Company LLC f/k/a Nissan Motor Acceptance Corporation, Wilmington Trust National Association, and US Bank National Association's Motion to Dismiss Plaintiffs' Amended Complaint (Document No. 34) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' Request for Leave to File an Amended Complaint (Document No. 43) is **DENIED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this **2** day of May, 2023.

DAVID HITTNER
United States District Judge